UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CINDY GLOVER | § | CIVIL ACTION |
|     Plaintiff | § | |
| | § | |
| VS. | § | NO.  9:19-CV-58 |
| | § | |
| WALMART STORES TEXAS, L.L.C. | § | |
|     Defendant | § | JURY |

## **ORIGINAL ANSWER OF DEFENDANT, WALMART STORES TEXAS, LLC**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW WALMART STORES TEXAS, LLC, Defendant in the above cause, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

I.

1. In response to the allegations contained in Paragraph 1, Section 1, of Plaintiff's Original Petition, Defendant denies that discovery should be governed by the Rule 190 discovery control plan (level 2) of the Texas Rules of Civil Procedure.  Discovery should be conducted under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas.

II.

2. In response to the allegations contained in Paragraph II, Section 2, of Plaintiff's Original Petition, Defendant admits that Plaintiff resides in Polk County, Texas.

3. In response to the allegations contained in Paragraph II, Section 3, of Plaintiff's Original Petition, Defendant admits that WALMART STORES TEXAS, L.L.C., is a foreign corporation.  The sole member of Defendant, WALMART STORES TEXAS, L.L.C., is Walmart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the State

of Arkansas. Walmart Stores East, L.P., is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are Delaware limited liability companies with their principal places of business in the State of Arkansas. The sole member of both WSE Management, L.L.C., and WSE Investment, L.L.C., is Walmart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas. Walmart Stores East, Inc., is wholly owned by WALMART, INC., a Delaware corporation with its principal place of business in Arkansas. WALMART STORES TEXAS, L.L.C. may be served with process through its registered agent at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201. Defendant admits it does business in the State of Texas from time to time within the jurisdiction of this Honorable Court. Defendant denies the remainder of the allegations contained in Paragraph II, Section 3, of Plaintiff's Original Petition.

III.

4. In response to the allegations contained in Paragraph III, Section 4, of Plaintiff's Original Petition, Defendant admits that Walmart Stores Texas, LLC is the correct legal and assumed name. Defendant denies that Rule 28 of the Texas Rules of Civil Procedure should apply to this case. The Federal Rules of Civil Procedure should apply. Defendant denies the remainder of the allegations set forth in Paragraph III, Section 4, of Plaintiff's Original Petition, both individually and in the aggregate.

IV.

5. In response to the allegations contained in Paragraph IV, Section 5, of Plaintiff's Original Petition, Defendant denies said allegations. Defendant avers that the United States Eastern District Court of Texas has jurisdiction over this subject matter and parties.

6. In response to the allegations contained in Paragraph IV, Section 6, of Plaintiff's Original Petition, Defendant denies that the state court has jurisdiction. Defendant admits that Plaintiff has pled an amount of damages that is within the jurisdictional limits of the United States Eastern District Court of Texas and that diversity of parties exists such that the United States Eastern District Court of Texas has jurisdiction over this matter. However, Defendant denies Plaintiff is entitled to recover said damages. Defendants deny the remaining allegations contained in Paragraph IV, Section 6, of Plaintiff's Original Petition, both individually and in the aggregate.

7. In response to the allegations contained in Paragraph IV, Section 7, of Plaintiff's Original Petition, Defendant admits that venue is proper in the United States Eastern District Court of Texas since the subject matter that is subject to this lawsuit arose in Polk County, Texas. Defendants deny the remaining allegations contained in Paragraph IV, Section 7, of Plaintiff's Original Petition, both individually and in the aggregate.

V.

8. In response to the allegations contained in Paragraph V, Section 8, of Plaintiff's Original Petition, Defendant admits that Plaintiff was shopping at the Walmart store #275 located at 1620 W. Church St, in Livingston, Texas, on or about September 18, 2017. Discovery is continuing; however, at this time, Defendant denies that Plaintiff slipped and fell in mud left standing on the floor. Defendant denies the remaining allegations contained in Paragraph V, Section 8, of Plaintiff's Original Petition, both individually and in the aggregate.

VI.

9. In response to the allegations contained in Paragraph VI, Section 9, of Plaintiff's Original Petition, Defendant adopts and incorporate herein all responses and denials contained in the above paragraphs of Defendant's Answer.

10. In response to the allegations contained in Paragraph VI, Section 10, of Plaintiff's Original Petition, Defendant admits that Plaintiff was an invitee. Defendant admits that the store was open to the public, including Plaintiff, and that Defendant had a duty to invitees to use reasonable care to inspect and maintain the premises, and to use reasonable care to try and warn of, or make reasonably safe, any unreasonably dangerous condition of which Defendant had actual or constructive knowledge. Discovery is continuing; however, at this time Defendant denies the remaining allegations in Paragraph VI, Section 10, of Plaintiff's Original Petition, both individually and in the aggregate.

11. In response to the allegations contained in Paragraph VI, Section 11, of Plaintiff's Original Petition, Defendant denies that Walmart Stores Texas, LLC, owned the premises or had sole control over the premises or solely occupied the premises. Defendant admits that Walmart Stores Texas, LLC, operated the premises as a store. Defendant avers that any person who was in the store at the time of the accident, including Plaintiff, had control over (or occupied) the spot where that person was standing at that moment. Defendant denies the remaining allegations in Paragraph VI, Section 11, of Plaintiff's Original Petition, both individually and in the aggregate.

12. In response to the allegations contained in Paragraph VI, Section 12, of Plaintiff's Original Petition, discovery is continuing; however, at this time, Defendant denies that there was standing condensation/water/mud left on the floor before the accident; Defendant denies the remaining allegations in Paragraph VI, Section 12, Plaintiff's Original Petition, both individually and in the aggregate.

13. In response to the allegations contained in Paragraph VI, Section 13, of Plaintiff's Original Petition, Defendant denies that its agents, servants, and employees knew, were notified of, discovered, caused, were involved in, should have known of, or witnessed any accident

involving, the alleged condition which Plaintiff contends caused her accident. Defendant admits that its agents, servants, and employees have taken precautionary measures and have warned of dangerous conditions when they knew, were notified of, discovered, allegedly caused, were involved in, or should have known of, any alleged dangerous conditions in Defendant's stores. Defendant denies the remainder of the allegations contained in Paragraph VI, Section 13, of Plaintiff's Original Petition, both individually and in the aggregate, including but not limited to the remainder of Sections (a) through (g).

14. In response to the allegations contained in Paragraph VI, Section 14, of Plaintiff's Original Petition, discovery is continuing; however, at this time, Defendant denies that a dangerous condition existed. Defendant denies that it breached any duty of care. Defendant avers that had no actual or constructive knowledge of any alleged dangerous condition. Defendant avers that it did not have a reasonable opportunity to warn or make reasonably safe any alleged dangerous condition. Defendant denies the remainder of the allegations in Paragraph VI, Section 14, of Plaintiff's Original Petition, both individually and in the aggregate.

15. In response to the allegations contained in Paragraph VI, Section 15, of Plaintiff's Original Petition, Defendant adopts and incorporate herein all of its previous responses and denials contained in the above paragraphs of Defendant's Answer.

16. In response to the allegations contained in Paragraph VI, Section 16, of Plaintiff's Original Petition, Defendant admits that Plaintiff was an invitee. Defendant admits that it owed a duty to invitees to use ordinary care to try and maintain the premises in a reasonably safe condition, to use ordinary care to try and make reasonable inspections for dangerous conditions, to use ordinary care in trying to have its employees make reasonable inspections for dangerous conditions, and to try and make reasonably safe, or to try and reasonably warn of, any

unreasonably dangerous condition that Defendant knew or reasonably should have known existed at the time of the accident. Defendant denies the remainder of the allegations in Paragraph VI, Section 16, of Plaintiff's Original Petition, both individually and in the aggregate.

17. In response to the allegations contained in Paragraph VI, Section 17, of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate. Discovery is continuing; however, at this time, Defendant denies that a dangerous condition existed. Defendant also denies that it knew or should have known of the existence of any such alleged condition. Defendant denies that it had a duty to reasonably warn about, or to try and make reasonably safe, a condition that it had no actual or constructive notice of. Defendant denies the remainder of the allegations in Paragraph VI, Section 17, of Plaintiff's Original Petition.

18. In response to the allegations contained in Paragraph VI, Section 18, of Plaintiff's Original Petition, Defendant adopts and incorporate herein all responses and denials contained in the above paragraphs of Defendant's Answer.

19. In response to the allegations contained in Paragraph VI, Section 19, of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate. Discovery is continuing; however, at this time, Defendant denies that a dangerous condition existed. Defendant denies that it failed to reasonably inspect, or failed to reasonably ensure that others inspected, the premises to determine that same were reasonably safe. Defendant denies that it had a duty to warn of the alleged condition. Defendant avers that it had no actual or constructive notice of any alleged condition. Defendant denies the remainder of the allegations in Paragraph VI, Section 19, of Plaintiff's Original Petition.

20. In response to the allegations contained in Paragraph VI, Section 20, of Plaintiff's Original Petition, Defendant denies the allegations contained therein, both individually and in the aggregate.

VII.

21. In response to the allegations contained in Paragraph VII, Section 21, of Plaintiff's Original Petition, Defendant has insufficient information to enable it to reasonably admit or deny the Plaintiff's age. Defendant denies the remainder of the allegations contained in Paragraph VII, Section 21, of Plaintiff's Original Petition, both individually and in the aggregate.

22. In response to the allegations contained in Paragraph VII, Section 22, of Plaintiff's Original Petition, Defendant denies same, both individually and in the aggregate.

23. In response to the allegations contained in Paragraph VII, Section 23, (including but not limited to (a) through (e) of Plaintiff's Original Petition, Defendant denies same, both individually and in the aggregate.

24. In response to the allegations contained in Paragraph VII, Section 24, (including but not limited to (a) through (e) of Plaintiff's Original Petition, Defendant denies same, both individually and in the aggregate.

25. In response to the allegations contained in Paragraph VII, Section 25, of Plaintiff's Original Petition, Defendant admits that Plaintiff has alleged damages in excess of the minimal jurisdictional limits of this Court; however, Defendant denies that Plaintiff is entitled to recover same. Defendant denies the remaining allegations contained in Paragraph VII, Section 25, of Plaintiff's Original Petition, both individually and in the aggregate.

26. In response to the allegations contained in Paragraph VII, Section 26, of Plaintiff's Original Petition, Defendant admits Plaintiff sues for an amount within the jurisdictional limits of

this Court; however, Defendant denies that Plaintiff is entitled to same. Defendant further denies the remaining allegations contained in Paragraph VII, Section 26, of Plaintiff's Original Petition, both individually and in the aggregate.

27. In response to the allegations contained in Paragraph VII, Section 27, of Plaintiff's Original Petition, Defendant admits Plaintiff sues for an amount within the jurisdictional limits of this Court; however, Defendant denies that Plaintiff is entitled to same. Defendant further denies the remaining allegations contained in Paragraph VII, Section 27, of Plaintiff's Original Petition, both individually and in the aggregate.

28. In response to the allegations contained in Paragraph VII, Section 28, of Plaintiff's Original Petition, Defendant admits that Plaintiff seeks recovery of pre-judgment interest; however, Defendant denies that Plaintiff is entitled to recover same. Defendant denies the remaining allegations contained in Paragraph VII, Section 28, both individually and in the aggregate.

VIII.

29. In response to the allegations contained in Paragraph VIII, Section 29, of Plaintiff's Original Petition, Defendant denies same both individually and in the aggregate.

IX.

30. In response to the allegations contained in Paragraph IX, Section 30, of Plaintiff's Original Petition, same do not require an admission or denial.

X.

31. In response to the allegations contained in Paragraph X, Section 31, of Plaintiff's Original Petition, Defendant admits that Plaintiff has alleged such damage amounts; however, Defendant denies that Plaintiff is entitled to recover same. Defendant denies that Texas Rule of

Civil Procedure 47(c) applies to this case. Defendant denies the remaining allegations contained in Paragraph X, Section 31, of Plaintiff's Original Petition, both individually and in the aggregate.

XI.

32. In response to the allegations contained in Paragraph XI, Section 32, of Plaintiff's Original Petition, Defendant denies that Texas Rule of Civil Procedure No. 194 applies to this case. Discovery and all other procedural matters should be conducted under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. Defendant denies the remaining allegations contained in Paragraph XI, Section 32, of Plaintiff's Original Petition, both individually and in the aggregate.

XII.

33. In response to the allegations contained in Paragraph XII, Section 33, of Plaintiff's Original Petition, Defendant denies that Texas Rule of Civil Procedure No. 193.7 applies to this case. Discovery and all other procedural matters should be conducted under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. Furthermore, Defendant denies that any documents produced in discovery are automatically authenticated.

XIII.

34. In response to the allegations contained in Paragraph XIII (PRAYER) of Plaintiff's Original Petition, Defendant admits that Plaintiff seeks the recovery prayed for and admits that Plaintiff alleges an amount of damages within the minimal jurisdictional limits of this Court; however, Defendant denies that Plaintiff is entitled to recover same. Defendant denies that Plaintiff is entitled to recover court costs or interest. Defendant further denies the remainder of the allegations as worded in Paragraph XIII (PRAYER) of Plaintiff's Original Petition, both individually and in the aggregate.

## AFFIRMATIVE DEFENSES

### XIV.

35. Further answering herein, Defendant avers that Plaintiff was negligent in certain acts and omissions, including the following:

    a. Failure to keep a proper lookout on the occasion in question;

    b. Failure to walk/step more carefully under the circumstances;

    c. Failure to use ordinary care for her safety;

    d. Committing other acts/omissions of negligence.

Said acts and/or omissions, individually and/or in the aggregate, proximately caused Plaintiff's alleged incident.

### XV.

36. Further answering herein, Defendant says that Plaintiff's recovery, if any, should be barred or otherwise reduced pursuant to the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

### XVI.

37. Further answering herein, and in the alternative, Defendant denies that any condition from which Plaintiff is suffering, if any, is the result, directly or indirectly, of the occurrence alleged in Plaintiff's Original Petition. Defendant says that if Plaintiff is suffering from any injury, illness, disease, or condition claimed by Plaintiff, then same is the result, in whole or in part, of some prior or subsequent accident, injury, illness, disease, physical defect, or bodily condition, for which the Defendant is not in any way responsible.

### XVII.

38. Further answering herein and in the alternative, Defendant states that Plaintiff failed

to act as a person of ordinary prudence would have acted under the same or similar circumstances in caring for and treating her alleged injuries and/or limiting and/or failing to mitigate her alleged damages, if any, that resulted from the occurrence in question.

### XVIII.

39. Further answering herein and in the alternative, Defendant alleges that the incident made the basis of this lawsuit was an unavoidable accident.

### XIX.

40. Further and in the alternative, Defendant alleges that a third person not a party to the lawsuit and over whom Defendant had no control was the sole proximate cause of the incident.

### XX.

41. Furthermore, Defendant denies that Plaintiff is entitled to any damages, including exemplary damages. Defendant invokes all applicable restrictions and caps on punitive damages and compensatory damages available under the Texas Constitution and Texas Civil Practice & Remedies Code.

42. Further, Defendant would show that any alleged exemplary damages are limited by Section 41.008, Tex. Civ. Prac. & Rem. Code and the 8th and 14th Amendments of the U.S. Constitution.

43. Further, Defendant states that Plaintiff's claims for punitive or exemplary damages, if granted, would be grossly excessive and would violate the Due Process Clause of the U. S. Constitution. Defendant did not receive fair notice that they could be subject to substantial punitive damages for the conduct alleged and its conduct, if any, was not deliberate or malicious or reckless as that conduct is defined by the applicable law.

44. Further, Defendant states that Plaintiff's claims for punitive or exemplary damages, if granted, would violate the Eighth Amendment to the U. S. Constitution and the Texas Constitution because Plaintiffs seek to impose an excessive fine upon Defendant which is penal in nature and which seeks to punish a defendant based upon vague standards.

45. Further, Defendant states that Plaintiff's claims for punitive or exemplary damages, if granted, would violate the Equal Protection Clause of the U.S. Constitution because Plaintiff seeks to discriminate against Defendant on the basis of wealth.

46. Further, Defendant states that Plaintiff's claims for punitive or exemplary damages, if granted, would violate the Separation of Powers Doctrine since this Court would be usurping the exclusive power of the legislature to define what conduct constitutes a crime subject to such penalties and to establish the appropriate punishment.

47. Further, Defendant states that Plaintiff's claims for punitive or exemplary damages, if granted, would violate the U.S. Constitution as an ex post facto law. Any such award would effectively be criminalizing conduct after it has occurred and without appropriate advance notice to Defendant that such conduct might subject it to criminal punishment.

48. Defendant further pleads that in the event punitive or exemplary damages are submitted, proper jury instructions be given pursuant to *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10 (Tex. 1994) and *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1,18 (1991).

49. Defendant further pleads that in the event punitive damages are awarded in this case, that this Court review the award pursuant to the standards set forth in *Haslip* and *Moriel, supra*, to ensure that the verdict is not unconstitutional and/or excessive.

50. Defendant further pleads and invokes the standards for recovery and limitation on

the amount of recovery as set forth in Chapters 41, Section 41.001 through Section 41.009 of Texas Civil Practice and Remedies Code. To the extent necessary, Defendant moves for severance of any claim for gross negligence and/or punitive damages.

XXI.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of her suit herein, and that Defendant goes hence without day, and recovers its costs.

Respectfully submitted,

PATE & SPIVEY, L.L.P.

/s/ Karen L. Spivey
KAREN L. SPIVEY
karen@psallp.com
Federal Id. No.11680
Texas Bar No. 18955100
ATTORNEY IN CHARGE FOR DEFENDANT,
WALMART STORES TEXAS, LLC
GORDON R. PATE
gordon@psallp.com
Federal Id. No. 9811
Texas Bar No. 15563000
FIRST CITY BUILDING
505 Orleans Street, Suite 500
Beaumont TX 77701
Ph:     409-838-6578
Fx:     409-838-6922

<b><u>CERTIFICATE OF SERVICE</u></b>

I hereby certify that on the 15th day of April, 2019, a true and correct copy of the foregoing Answer of Defendant, Walmart Stores Texas, LLC, to Plaintiff's Original Petition was served upon Plaintiff's counsel in accordance with the Federal Rules of Civil Procedure by certified mail, return receipt requested, at the addressed as follows:

Mr. Jeffrey N. Todd
SBN: 24028048
jeff@jefftoddlaw.com
THE TODD LAW GROUP, PLLC
12929 Gulf Freeway, Suite 301
Houston TX 77034
Ph:   832-243-4953
Fx:   713-583-7818

          /s/ Karen L. Spivey
          KAREN L. SPIVEY